In re DINSMORE TIRE CENTER, INC., Debtor.

LEE TIRE & RUBBER CO., Plaintiff,

v.

DINSMORE TIRE CENTER, INC. & Irving Gennet, Trustee, Defendants.

Bankruptcy No. 84–00205–BKC–TCB.
Adv. No. 84–0075–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

April 13, 1984.

John L. Britton, Fort Lauderdale, Fla., for plaintiff.

Patricia Redmond, Miami, Fla., for debtor.

Robert C. Furr, Boca Raton, Fla., for Trustee.

Irving Gennet, Boca Raton, Fla., Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks a determination of the validity, priority and amount of its lien. (C.P. No. 4). Neither defendant has answered. At the trial, held April 3, after three continuances requested by the parties, the defendant answered orally, admitting all allegations of the amended complaint. The trustee answered orally admitting all factual allegations in the amended complaint, but denied that the plaintiff had perfected and, therefore, had a claim against the debtor's accounts receivable superior to the claim of the trustee.

The debtor is indebted to the plaintiff for goods sold and delivered in the amount of $910,682. By the terms of its security agreement, it is entitled also to all fees, costs and expenses reasonably incurred in the collection of its account. It has offered no proof to support such a claim and, for that reason, no such allowance is considered.

Its written Security Agreement, dated January 8, 1981, and duly perfected on January 13, 1981, granted the plaintiff a security interest in all tires and tubes manufactured by the plaintiff or by one of its affiliates in the debtor's possession at the debtor's business address. By a duly perfected filing on October 7, 1983, before the commencement of this case, the security interest was amended by adding the following words:

"AND PROCEEDS THEREOF."

The debtor's inventory is insufficient to satisfy the plaintiff's claim, but the debtor does have substantial accounts receivable, an estimated 95% of which were earned from the sale of the plaintiff's products and which are, therefore, "proceeds". Florida Statutes § 679.306(1), (U.C.C. § 9–306(1)).

Filing of a separate financing statement is unnecessary to perfect a security interest in these accounts receivable as they are:

"collateral in which a security interest may be perfected by filing in the office or offices where the financing statement (for the original collateral) has been filed ..." Florida Statutes § 679.306(3)(a), (U.C.C. § 9–306(3)(a)); *Matter of Springfield Casket Co., Inc.*, 21 B.R. 223, 226 (Bkrtcy.S.D.Ohio 1982).

Section 679.306(4)(a), Florida Statutes, (U.C.C. § 9–306(4)(a)) also provides:

"In the event of insolvency proceedings instituted by or against a debtor, a secured party with a perfected security interest in proceeds has a perfected security interest only in the following proceeds: (a) In *identifiable non-cash proceeds* and in separate deposit accounts containing only proceeds..."

The case relied upon by the trustee, *Matter of Frieze*, 32 B.R. 194 (Bkrtcy.W.D.Mo. 1983), is inapplicable as that case involved *cash* proceeds.

I conclude, therefore, that plaintiff has a security interest in those accounts receivable which are identifiable as being for the sale of plaintiff's tires and tubes. *See also Universal CIT Credit Corp. v. Prudential Investment Corp.*, 101 R.I. 287, 222 A.2d 571 (1966).

As is required by B.R. 9021(a), a separate judgment will be entered ordering that plaintiff's security interest is superior to

the trustee's right, title and interest in such accounts receivable and the collections, if any, received from such accounts receivable. There is no other party defendant, therefore, no determination is made as to whether any third party has or does not have a claim superior to that of the plaintiff.

The trustee is directed to account for and surrender to the plaintiff forthwith all property subject to the plaintiff's security interest as above defined. Costs may be taxed on motion.